IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY L. WHITE                                                                              PETITIONER

VS.                                                              CIVIL ACTION NO. 3:21cv755-DPJ-FKB

M.D.O.C.                                                                                       RESPONDENT


**REPORT AND RECOMMENDATION**

Anthony L. White entered a plea of guilty in the Circuit Court of Madison County, Mississippi, on October 10, 2016, to aggravated assault of a law enforcement officer (Count I) and possession of a firearm by a convicted felon (Count II). He was sentenced to a term of 40 years. He now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition as untimely [9]. Having considered the motion and White's response, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). White's conviction became final on October 10, 2016, and his one-year limitations period began to run that day. He had one year from that date, or until October 10, 2017, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief was pending in the state court. On June 6, 2017, White signed and sent in for filing to the state trial court a motion to set aside his guilty plea. [9-3]. The trial court dismissed the motion on June 26, 2017. [9-4]. He did not appeal. Therefore, under § 2244(d)(2), White is entitled to 21 days of statutory tolling for the period during which his state post-conviction action was pending. His AEDPA statute of limitations expired on October 31, 2017 (one year from October 10, 2016, plus 21 days), White did not file his federal habeas petition until on or after March 2, 2021.[1] Thus, it is untimely. Furthermore, he has not shown that he is entitled to equitable tolling or that any other exception applies. Accordingly, the

---

[1] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, White's petition was "filed" sometime between the date it was signed, March 2, 2021, and the date it was received and filed by the court, April 5, 2017.

undersigned recommends that the motion to dismiss be granted and the petition dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 5th day of July, 2022.

s/ F. Keith Ball
United States Magistrate Judge

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).