UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANTHONY L. WHITE                                                                                    PETITIONER

V.                                                              CIVIL ACTION NO. 3:21-CV-755-DPJ-FKB

M.D.O.C.                                                                                            RESPONDENT

ORDER

Petitioner Anthony L. White seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which allows such a writ "only on the grounds that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." The matter is before the Court on the Report and Recommendation [13] of United States Magistrate Judge F. Keith Ball, who recommends granting Respondent's motion to dismiss [9] the petition as untimely.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) requires most state prisoners seeking federal habeas relief to have filed their petition within a year of their conviction becoming final. *See* 28 U.S.C. § 2244(d)(1). That period is tolled for the pendency of any "properly filed applications for State . . . collateral review." 28 U.S.C. § 2244(d)(2). "Moreover, in limited circumstances, a court may equitably toll the limitations period." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022); *see Holland v. Florida*, 560 U.S. 631, 649 (2010).

As Judge Ball found,

> White's conviction became final on October 10, 2016, and his one-year limitations period began to run that day. . . . On June 6, 2017, White signed and sent in for filing to the state trial court a motion to set aside his guilty plea. [9-3]. The trial court dismissed the motion on June 26, 2017. [9-4]. He did not appeal. Therefore, under § 2244(d)(2), White is entitled to 21 days of statutory tolling . . . . His AEDPA statute of limitations expired on October 31, 2017 (one year from October 10, 2016, plus 21 days), [but] White did not file his federal habeas petition until on or after March 2, 2021. Thus, it is untimely. Furthermore, he has not shown that he is entitled to equitable tolling or that any other exception applies.

R&R [13] at 2 (footnote omitted).

White has not filed an objection to Judge Ball's Report and Recommendation, and the time to do so has lapsed.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").  The Court adopts Judge Ball's recommendation in full.  A separate judgment will be issued pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 28th day of July, 2022.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE